UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

MARCUS RICHARDSON,           )
                             )
            Plaintiff,       )
                             )
    vs.                      )        2:11-cv-161-JMS-WGH
                             )
DICK BROWN, et al.,          )
                             )
            Defendants.      )

**Entry Dismissing Claim and Directing Further Proceedings**

Plaintiff Marcus Richardson, an inmate at the Wabash Valley Correctional Facility, filed this civil action alleging that the defendants Kevin Gilmore, Dick Brown, and Steven Robertson violated his federally secured rights based on the circumstances and conditions related to his placement in solitary confinement. His claim is brought pursuant to 42 U.S.C. § 1983.

**I.**

The amended complaint is subject to the screening required by 28 U.S.C. ' 1915A(b). This statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.; see Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). A complaint is sufficient only to the extent that it Acontain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.@ *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)).

Richardson's federal claims are viable only if he has asserted the violation of a federal right. *See Middlesex County Sewage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under ' 1983).

## II.

Richardson alleges, in part, that his placement in solitary confinement violated the double jeopardy clause of the Fifth Amendment. Because prison disciplinary proceedings do not implicate the double jeopardy clause, this Fifth Amendment claim is **dismissed.** *Herbst v. Knight*, 86 Fed. Appx. 963 (7th Cir. 2004) (citing *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996)).

## III.

The remaining claims alleged in the amended complaint shall proceed. The clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the amended complaint [9], applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: 10/06/2011

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MARCUS RICHARDSON
944814
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old U.S. Highway 41
P.O. BOX 500
CARLISLE, IN 47838

Unit Team Manager Kevin Gilmore
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old U.S. Highway 41
P.O. BOX 500
CARLISLE, IN 47838

Superintendent Dick Brown
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old U.S. Highway 41
P.O. BOX 500
CARLISLE, IN 47838

Case Manager Steven Robertson
WABASH VALLEY CORRECTIONAL FACILITY
6908 S. Old U.S. Highway 41
P.O. BOX 500
CARLISLE, IN 47838