UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARCUS RICHARDSON, | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
|     *vs.* | ) | 2:11-cv-161-JMS-WGH |
| | ) | |
| DICK BROWN, *Superintendent*, *et al.*, | ) | |
|     *Defendants.* | ) | |

## ORDER

Plaintiff Marcus Richardson, an inmate at the Wabash Valley Correctional Facility, filed this civil action alleging that Defendants Kevin Gilmore, Dick Brown, and Steven Robertson violated his federally secured rights based on the circumstances and conditions related to his placement in solitary confinement. His claim is brought pursuant to 42 U.S.C. § 1983. [Dkt. 9.] Presently pending before the Court is Defendants' Motion for Summary Judgment. [Dkt. 95.]

### I.
### STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ.

P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### BACKGROUND

**A. Factual Background**

In his cursory response to the Defendants' motion, Richardson does not identify any potentially determinative factual disputes he has with the evidentiarily supported facts the Defendants cite in their motion. [Dkt. 99.] Accordingly, pursuant to Local Rule 56-1(f), Richardson

has admitted those facts, which are detailed below.  The Court has also set forth relevant material facts from Richardson's operative complaint because it is a sworn statement.  [Dkt. 9 at 12.]

On August 23, 2010, Richardson received a Class B-216 conduct report for allegedly exposing himself to staff at Wabash Valley Correctional Facility, where he was incarcerated.  [Dkt. 95-2 at 2.]  He was found guilty of that offense and placed on the restricted movement unit ("RMU") on August 30, 2010.  [*Id.*]  Additional sanctions imposed for that offense were an earned credit time deprivation of 15 days, a suspended 15 days in disciplinary segregation, a total of six weeks loss of commissary privileges, and a written reprimand.  [Dkt. 95-1 at 15 ¶ 2.]

Richardson appealed his guilty finding to the Conduct Adjustment Board ("CAB") and also filed a habeas corpus petition challenging his punishment.  [Dkt. 9-1 at 3 (filing from Cause No. 2:10-cv-309-WTL-MJD).]  On March 3, 2011, the guilty finding from Richardson's disciplinary hearing was set aside for a new hearing.  [Dkts. 9-1 at 3-4; 95-1 at 15-16; 95-2 at 2.] Richardson's habeas petition was dismissed in light of the new hearing and his double jeopardy arguments were rejected on the merits.  [Cause No. 2:10-cv-309-WTL-MJD, dkt. 20.]

The prison disciplinary rehearing was held on March 18, 2011 and Richardson was again found guilty of the inappropriate sexual conduct in the B-216 conduct report.  [Dkts. 9-1 at 10; 95-2 at 2.]  Richardson objected to the rehearing because he did not ask for it and claimed it constituted double jeopardy.  [Dkt. 9-1 at 10.]  As a result of the guilty finding, Richardson lost thirty days of earned credit time and alleges that he was placed in solitary confinement for twenty-three-hours a day, causing him to lose his hair and suffer mental and emotional injuries.  [Dkts. 9 at 6, 11; 9-1 at 10; 95-2 at 2.]  Richardson appealed that finding to the CAB, and the parties dispute whether his administrative appeal was ruled on.

### B. Procedural History

On June 21, 2011, Richardson filed his complaint in this action against the Defendants. [Dkt. 1.] He amended it twice, and the operative complaint asserts a claim under 42 U.S.C. § 1983. [Dkt. 9.]

The Supreme Court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation) no matter the relief sought . . . if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). The docket reflects some confusion about whether the prison disciplinary proceedings Richardson challenges were expected to extend the duration of his confinement and whether they were invalidated. [*See, e.g.*, dkts. 58; 64; 85.] Last fall it appeared that Richardson had made it clear that his action was based on a contention that the anticipated duration of his confinement had been extended by 30 days as a result of the due process violations he alleges. [Dkts. 62; 65.] When the Court noted that Richardson's position suggested that his § 1983 action could not proceed because of the rules announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), [dkt. 65 at 1], Richardson backtracked and contended that his good-time credits had been restored, [dkt. 71]. Based on that information, the Court believed that Richardson's claim may not be barred by *Heck* and *Edwards* and ordered the parties to report whether dispositive motions would be filed. [Dkt. 85.] The Defendants have moved for summary judgment and designate evidence that they claim shows that Richardson's loss of good-time credits was not restored and his claim is therefore barred. [Dkt. 95.] That motion is now fully briefed.

### III.
#### DISCUSSION

Richardson is proceeding *pro se* in this litigation.  Pursuant to applicable precedent, allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).  Richardson's Amended Complaint lists two grounds for his causes of action. [Dkt. 9 at 3.]  After liberally construing those grounds and reviewing the facts set forth in Richardson's verified complaint, the Court finds that Richardson asserts the following claims:  1) that Defendant Brown violated his due process rights by not ruling on the administrative appeal from his rehearing; 2) that the fact and effect of his prison disciplinary sanction extended the duration of his confinement; 3) that Defendants Robertson and Gilmore violated his due process rights by placing him in solitary confinement in unconstitutional conditions; and 4) that Defendants Robertson and Gilmore retaliated against him for filing his petition for habeas corpus.[1] [Dkt. 9.]

**A. Appeal of Discipline**

Richardson alleges that Defendant Brown violated his due process rights by not ruling on the administrative appeal from his rehearing. [Dkt. 9 at 3 ("Ground 2" of claim).]  The Defendants assert that Richardson's appeal was, in fact, denied on June 20, 2011. [Dkt. 96 at 3 ¶ 9.]

The undisputed evidence in the record shows that Richardson's administrative appeal was denied on June 20, 2011. [Dkt. 95-6 at 1 (June 20, 2011 letter from Case # 10-08-0124 on Richardson's CAB appeal).]  Richardson contends that the cited letter did not rule on his administrative appeal, [dkt. 99 at 1], but the evidence shows that the letter was in response to Richardson's "CAB appeal" after his disciplinary rehearing and it references the correct disciplinary matter

---

[1] The Court's screening order dismissed Richardson's double jeopardy claim because prison disciplinary proceedings do not implicate the Double Jeopardy Clause of the Fifth Amendment. [Dkt. 11 at 2 (collecting cases).]

number, [*see* dkt. 95-1 at 22 (listing Richardson's rehearing as Case # 10-08-0124)]. Thus, his argument fails because it ignores the undisputed evidence in the record.

Even assuming for the sake of the argument that Richardson's administrative appeal was not ruled on, no Eighth Amendment claim can survive as to Defendant Brown because merely acting or not acting on Richardson's grievance or complaints, even if that action was not favorable to Richardson's requests, did not cause the underlying denial of rights that Richardson alleges. If an official who is not otherwise responsible for allegedly unconstitutional conditions or actions could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory. . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a ' 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible"; an official "who rejects an administrative complaint about a completed act of misconduct does not [cause or contribute to the violation].").

For these reasons, Richardson's claim against Defendant Brown cannot survive. Because the rest of Richardson's claims stem from what he alleges are the unconstitutional conditions surrounding his confinement and he limits those claims to Defendants Robertson and Gilmore, [dkt. 9 at 3 (limiting confinement allegations in "Ground 1" to Defendants Robertson and Gilmore)], Defendant Brown will be dismissed from this litigation.

### B. Fact or Duration of Confinement

Richardson's Amended Complaint asserts, in part, that Case Manager Robertson and Unit Team Manager Gilmore have used illegal tactics to excessively place him in solitary confine-

ment and, in giving that sanction, "exceeded the statutory maximum and [that the] sanction was disproportionate to the offense." [Dkt. 9 at 1 ("Ground 1" of claim).] Defendants Robertson and Gilmore assert that to the extent Richardson is challenging the fact or duration of his confinement as a result of the disciplinary proceedings, that claim is barred by Supreme Court precedent. [Dkt. 96 at 5-7.] Richardson does not respond to that argument.

Habeas corpus "is the exclusive remedy for a challenge to the fact or duration of one's confinement." *Burd v. Sessler*, 702 F.3d 429, 432 (7th Cir. 2012), *cert. denied*. Thus, a plaintiff in a § 1983 action "may not pursue a claim for relief that implies the invalidity of a criminal conviction, unless that conviction has been set aside by appeal, collateral review, or pardon." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2008) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). The United States Supreme Court has extended that doctrine to decisions of prison disciplinary tribunals. *Id.* (citing *Edwards v. Balisok,* 520 U.S. 641 (1997)). In other words, *Heck* and *Edwards* prevent a litigant in a § 1983 claim from contradicting a valid judgment from a prison disciplinary tribunal. *Gilbert*, 512 F.3d at 901. But "*Heck* and *Edwards* do not affect litigation about what happens after the crime is completed." *Id.* Instead, "[o]nly a claim that 'necessarily' implies the invalidity of a conviction or disciplinary board's sanction comes within the scope of *Heck*." *Id.* at 902.

The Court agrees with Defendants Robertson and Gilmore that to the extent Richardson challenges the fact or duration of his confinement resulting from the disciplinary proceedings, such claims are barred by *Heck* and *Edwards*. Specifically, any challenge to the loss of good-time credit should have been challenged through a habeas corpus action, not a § 1983 lawsuit. *Burd*, 702 F.3d at 432. Thus, the Court grants the motion for summary judgment to the extent

that Richardson challenges the fact or duration of his confinement resulting from the disciplinary proceeding.

### C. Conditions of Confinement

Richardson alleges that the fact that he is in solitary confinement violates the Due Process Clause. [Dkt. 9 at 3.] Construing his operative complaint liberally, he also allege that the conditions of his solitary confinement on lockdown for twenty-three hours a day violate his due process rights and have caused him hair loss and mental and emotional damages. [*Id.* at 6, 11.]

The Due Process Clause is triggered when the government deprives an individual of life, property, or liberty. *See Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989). Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason. *Montgomery v. Anderson*, 262 F.3d 641, 644 (7th Cir. 2001) (when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all").

An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The Seventh Circuit Court of Appeals has adopted a stringent interpretation of *Sandin.* In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks,* 128 F.3d 1173, 1175 (7th Cir. 1997).

To the extent the plaintiff is challenging the conditions of his confinement while in punitive segregation, those conditions "have no bearing on whether . . . prison officials were required

to provide [the plaintiff] with procedural protections before placing him in [segregation]." *Townsend v. Fuchs*, 522 F.3d 765, 772 (7th Cir. 2008). Merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing units of the jail does not violate the guarantee of due process. *Miller v. Dobier*, 634 F.3d 412 (7th Cir. 2011).

In sum, Richardson has no due process or other right to remain housed in the general population at the Wabash Valley Correctional Facility, and he has no due process or other right to be free from placement in "segregation confinement," even if he thought it unjustified. *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998) ("Classifications of inmates implicate neither liberty nor property interests . . . .") (citing *Sandin*, 515 U.S. at 484). Accordingly, Richardson has not asserted a viable due process claim on the basis of his segregation confinement classification, and Defendants Robertson and Gilmore are entitled to summary judgment on that claim. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

Construing Richardson's Amended Complaint liberally, however, he also alleges a claim that the conditions of his confinement in solitary violate the Eighth Amendment. [Dkt. 9 at 6, 11.] Richardson alleges that Defendants Robertson and Gilmore were responsible for his placement in solitary confinement for twenty-three hours of lockdown a day, causing him to lose hair and endure mental and emotional stress, [dkt. 9 at 3, 6, 11], but the Defendants have not addressed Richardson's conditions of confinement claim on summary judgment, [dkt. 96]. Such a claim is not barred by *Heck* and *Edwards*. *See DeWalt v. Carter*, 224 F.3d 607, 617-18 (7th Cir. 2000); *Alejo v. Heller*, 328 F.3d 930 (7th Cir. 2003) ("[O]ur opinion in *DeWalt* holds that where a prisoner-litigant challenges only the conditions of confinement, rather than the fact or duration

of his confinement, *Heck*'s favorable-termination requirement does not apply, because federal habeas corpus relief is not available."). Thus, based on this record, the Court cannot conclude that as a matter of law Richardson's conditions in solitary confinement do not violate the Eighth Amendment. Accordingly, this claim shall proceed against Defendants Robertson and Gilmore.

### D. Retaliation

Richardson's complaint alleges that Defendants Robertson and Gilmore retaliated against him because he sought habeas corpus review after his initial sanction. [Dkt. 9 at 3, 6-7.] Specifically, he alleges that after on rehearing after his habeas petition, he received a harsher sanction that included twenty-three-hour daily lockdown in solitary, which caused him to suffer hair loss and mental and emotional stress. [*Id.* at 6-7, 11.]

Prisoners have a constitutional right of access to the courts under the First Amendment. *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). Because this right encompasses pursing administrative remedies or a lawsuit, prison officials may not retaliate against a prisoner for taking those actions. *Id.* A prisoner has a retaliation claim under § 1983 even if the adverse action of which he complains does not independently violate the Constitution. *Id.*; *see Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) ("If a prisoner is transferred for exercising his own right of access to the courts, or for assisting others in exercising their right of access, he has a claim under § 1983."). "To state a cause of action for retaliatory treatment, a complaint need only allege a chronology of events from which retaliation may be inferred." *DeWalt*, 224 F.3d at 618; *see also Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (holding that a prisoner stated a retaliation claim by alleging that prison officials retaliated against him by placing him in a twenty-three-hour daily lockdown segregation unit for at least a year after he utilized the inmate grievance system).

Richardson's Amended Complaint alleges a First Amendment claim for retaliation against Defendants Robertson and Gilmore. [Dkt. 9.] He specifically alleges that those defendants retaliated against him by placing him in excessive solitary confinement in "retaliation for seeking habeas corpus." [*Id.* at 3, 7.] Richardson alleges a chronology of events from which retaliation may be inferred—specifically, that he filed a habeas action challenging his initial prison discipline sanction, that the Government moved to dismiss his habeas petition because the DOC had determined he should have a rehearing, and that after the rehearing he was given a harsher punishment and placed in solitary confinement for twenty-three hours a day. [*Id.*; *see also* Cause No. 2:10-cv-309-WTL-MJD dkt. 12 (Government's motion to dismiss petition because DOC had decided Richardson would receive disciplinary rehearing).] While these allegations alone would be insufficient without supporting evidence to prove Richardson's retaliation claim, they are sufficient to allege such a claim. Defendants Robertson and Gilmore do not move for summary judgment on Richardson's retaliation claim; thus, it shall proceed.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** the Defendants' Motion for Summary Judgment. [Dkt. 95.] Defendant Brown is entitled to summary judgment regarding Richardson's claim that Brown violated Richardson's due process rights by allegedly not ruling on his administrative appeal. Because that is the only claim that Richardson alleges against Defendant Brown, Defendant Brown is **DISMISSED** from this litigation. No final judgment with respect to Defendant Brown shall issue at this time.

Defendants Robertson and Gilmore are entitled to summary judgment on Richardson's claims regarding the fact and duration of his confinement following the prison disciplinary proceedings, pursuant to *Heck* and *Edwards*. Defendants Robertson and Gilmore are also entitled to

summary judgment to the extent that Richardson makes a claim based on his classification in solitary confinement. Construing Richardson's complaint liberally, however, Richardson also makes claims against Defendants Robertson and Gilmore regarding the conditions of his solitary confinement and for First Amendment retaliation. The Defendants did not move for summary judgment on those claims; thus, they will proceed and a separate scheduling order will issue regarding them.

09/11/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via US Mail:**

MARCUS RICHARDSON
944814
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

**Distribution via ECF only:**

Grant E. Helms
OFFICE OF THE ATTORNEY GENERAL
Grant.Helms@atg.in.gov

Kate E. Shelby
INDIANA ATTORNEY GENERAL
kate.shelby@atg.in.gov