# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MARCUS RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:11-cv-161-JMS-WGH |
| | ) | |
| KEVIN GILMORE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Defendants' Cross-Motion for Summary Judgment**

This is a civil rights action brought by Marcus Richardson ("Richardson") against Kevin Gilmore and Steven Robertson. The action is brought pursuant to 42 U.S.C. § 1983. The claims which remain for resolution are that the conditions of Richardson's confinement violated the Eighth Amendment's proscription against the imposition of cruel and unusual punishment and that the defendants retaliated against Richardson.

The defendants seek resolution of these claims through the entry of summary judgment. Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor. *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 490 (7th Cir. 2007); *Zerante v. DeLuca,* 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, "[a] party who bears the burden of proof on a particular issue may not rest on

its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Id.* Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.,* 242 F.3d 713, 723 (7th Cir. 2001).

The court first notes certain findings and background in *Richardson v. Brown,* 2013 WL 5093801 (S.D.Ind. Sept. 11, 2013). As used in this Entry, (1) "DOC" refers to the Indiana Department of Correction, (2) "Wabash Valley" refers to the Wabash Valley Correctional Facility, (3) "RMU" refers to the Restricted Movement Unit at Wabash Valley, and (4) "CAB" refers to conduct adjustment board.

The undisputed material facts pertaining to the remaining claims are these: By way of review, from the earlier published decision in this case, Richardson was charged with misconduct at Wabash Valley, he filed an action for habeas corpus relief challenging the disciplinary proceeding, that proceeding was vacated during administrative review, the habeas action was dismissed as moot, and Richardson was found guilty and sanctions were imposed at a second disciplinary hearing. The court has granted summary judgment for the defendants as to the due process claims and, as noted, the Eighth Amendment claim and the First Amendment claim remain against defendants Kevin Gilmore and Steven Robertson.

The rehearing of the disciplinary matter occurred on March 18, 2011. Richardson was again found guilty. He was sanctioned, though there was no sanction which extended the anticipated duration of his confinement and no sanction which deprived him of a protected liberty interest. One sanction was confinement in disciplinary segregation for a period of time, but that sanction was suspended.

Following the second disciplinary hearing, staff at Wabash Valley determined that Richardson met the criteria for RMU placement. That is a classification decision, not a disciplinary decision by the conduct board. While confined in the RMU, as well as his classification for placement in the RMU, all DOC policies applicable to that placement were followed. To prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

The discomfort Richardson alleges he suffered while in the RMU is not of the character which implicates the objective component of an Eighth Amendment claims. As explained in the recent ruling denying Richardson's motion for summary judgment, the conditions of his confinement in the RMU were not so onerous as to constitute "'genuine privations and hardship over an extended period of time,'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)), or to have deprived Richardson of basic human needs or of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Even if the court concluded otherwise concerning the objective component, moreover, the only evidence negates the subjective prong of that the defendant official acted with deliberate indifference to his health or safety. Richardson does not even allege that either defendant was personally responsible for the conditions of his confinement in the RMU and the evidence shows otherwise. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead

that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009). It is an adjunct to the second element of deliberate indifference noted above, requiring a high degree of culpability, "a very high standard of culpability, exceeding gross negligence," *Ross v. Duggan,* 402 F.3d 575, 590 n.7 (6th Cir. 2004), and an established ingredient of § 1983 jurisprudence, that without personal liability, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] public employees are responsible for their own misdeeds but not for anyone else's.")(citing *Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

There is no triable issue as to Richardson's Eighth Amendment claim.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement, all of which is protected speech under the First Amendment. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012); *Walker v. Thompson,* 288 F.3d 1005 (7th Cir.2002); *DeWalt v. Carter,* 224 F.3d 607 (7th Cir. 2000). In order to maintain a claim for retaliation, an inmate must have experienced a retaliatory *action* such as would deter him from engaging in the protected activity that prompted the retaliation. *See Bridges v. Gilbert,* 557 F.3d 541, 551–52 (7th Cir. 2009); *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002).

The sanctions imposed at the second disciplinary hearing were decided by the conduct board, not by the defendants individually. Richardson appealed the outcome of the first disciplinary proceeding and was granted relief when that proceeding was vacated. Richardson

has not produced evidence from which a reasonable trier of fact could conclude that the defendants retaliated against Richardson for having filed that appeal.

Richardson's dissatisfaction with the sanctions in the second disciplinary proceeding and with his subsequent confinement in the RMU does not present a triable issue of fact regarding his claim of retaliation. "'It is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered.'" *Sanders v. Village of Dixmoor,* 178 F.3d 869, 870 (7th Cir. 1999) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir. 1983)). As explained herein, Richardson has not come forward with evidence that there is a genuine issue of material fact for trial as to his claim of retaliation.

Although "'federal courts must take cognizance of the valid constitutional claims of prison inmates,'" *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)), Richardson has presented no claim of that nature in this case. For the reasons explained in this Entry, therefore, the remaining defendants' cross-motion for summary judgment [dkt 129] is granted. This now resolves all claims against all parties. Judgment consistent with this Entry and with the Entry of September 11, 2013, shall now issue.

The trial setting of August 12, 2014, is vacated. Further pretrial conferences are vacated. The plaintiff's motion to correct telephonic order [dkt 140] is denied.

IT IS SO ORDERED.

Date: 06/02/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Marcus Richardson
944814
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN  46064

Electronically Registered Counsel